GEORGE J. NEWTON

*v.*

CECILIA A. NEWTON.

[Decided March 2d, 1916.]

1. A petition for divorce on the ground of the wife's adultery on a certain date, alleging the birth of a child, an issue of the marriage, fourteen months thereafter, but not showing petitioner's knowledge of the wife's offence at the time of the continuation of their marital relations, or anything to suggest that with such knowledge he became reconciled to her, was not demurrable as showing a condonation.

2. Proof of sexual intercourse after knowledge of and means of proving the wife's adultery constituted condonation.

3. Under Divorce act (*2 Comp. Stat. 1910 p. 2033 § 10*), requiring the petition to state the cause of the application for divorce, and section 15, requiring the answer to state the cause of defence, a petition for divorce on the ground of the wife's adultery, not negativing a condonation by subsequent marital relations, was not in that respect defective, as condonation is a matter of defence, which must be pleaded.

4. Upon demurrer the facts in a petition are taken as true.

On petition for divorce.   Demurrer to petition overruled.

*Mr. Robert J. Bain,* for the petitioner (*Collins & Corbin,* solicitors).

*Mr. Conover English,* for the defendant (*McCarter & English,* solicitors).

FOSTER, V. C.

This petition is filed for a divorce on the ground of adultery. The demurrer is based upon the idea that the petition shows condonation of the offence, because it alleges that defendant since her marriage to petitioner and on February 21st and 22d, 1914, committed adultery with one Joseph Noonan  *  *  *

9

and that it further alleges that subsequently, on May 1st, 1915, a child was born of the marriage.

The assumption of the demurrer is that as the petition admits the birth of a child, an issue of the marriage, on May 1st, 1915, fourteen months after the alleged acts of adultery, petitioner thereby admits the continuation of his marital relations with defendant after the dates of the offences charged, and that by reason of such relations he has condoned the acts of which he now complains.

This assumption ignores the essential element of knowledge on the part of the petitioner of the acts of adultery alleged in his petition at the time of such cohabitation.

There is nothing in the petition to indicate when petitioner acquired knowledge of, or had reason to suspect defendant's guilt, nor is there anything to suggest that having such knowledge, he became reconciled to his wife, or that he knowingly retained her thereafter.

In *Shackelton* v. *Shackelton, 48 N. J. Eq. 366,* Vice-Chancellor Van Fleet quoted with approval from *2 Bish. Mar. & Div.* § *38,* that, "Alike in reason and in law forgiveness cannot take place without a knowledge of the existence of the thing to be forgiven, so that such knowledge is one of the elements of every presumed condonation."

In *Rogers* v. *Rogers, 67 N. J. Eq. 539,* Vice-Chancellor Garrison said, "It has always been the law that proof of sexual intercourse after knowledge of and means of proving the offence constituted condonation."

To the like effect are the cases of *Marsh* v. *Marsh, 13 N. J. Eq. 281;* *Cook* v. *Cook, 13 N. J. Eq. 263;* *Stevens* v. *Stevens, 14 N. J. Eq. 374;* *Chapman* v. *Chapman, 25 N. J. Eq. 394;* *Todd* v. *Todd, 37 Atl. Rep. 766;* *Graham* v. *Graham, 50 N. J. Eq. 701;* *Hann* v. *Hann, 58 N. J. Eq. 211;* *Taber* v. *Taber, 66 Atl. Rep. 1082;* *Johnson* v. *Johnson, 78 N. J. Eq. 507;* *Suydam* v. *Suydam, 79 N. J. Eq. 144;* *Bridge* v. *Bridge, 93 Atl. Rep. 690.*

The insistment is, however, that by reason of the admitted sexual intercourse of the parties after the commission of the alleged adultery, the petition is defective because it does not

contain an averment to negative the presumption of condonation arising from such intercourse. Such an averment is not necessary. · The Divorce act (*2 Comp. Stat. p. 2032 § 10*) requires that the petition shall plainly and fully state the cause or causes of the application for divorce. And section 15 requires that the answer shall plainly and fully set forth the cause or causes of defence.

Condonation is a matter of defence, and in order to be available, it must be pleaded. *Delaney* v. *Delaney, 69 N. J. Eq. 602.* The rule as stated in *14 Cyc. 670* is that,

"the complaint need not allege that plaintiff has not condoned or connived at the misconduct complained of. Condonation and connivance are matters of defence to be set forth by the defendant unless they affirmatively appear from the complaint." ·

In *Jones* v. *Jones, 18 N. J. Eq. 33*, it was said the ordinary rules of pleading require this defence to be set up in the answer; the only exception seems to be when the complainant, in putting in his case, shows his own guilt. And in *Greims* v. *Greims, 80 N. J. Eq. 233*, it was held that condonation is a conclusion of fact and not of law and must be proved by the defendant.

Judge Vroom, speaking for the court of errors and appeals in *Watkinson* v. *Watkinson, 68 N. J. Eq. 638*, said, if condonation was intended to be interposed as a defence (it) should have been pleaded and proved.

In *Stevens* v. *Stevens, 14 N. J. Eq. 374*, which defendant's counsel insists is directly in point, the chancellor said, "It is true that there is no rule of this court similar to that of the court of chancery of New York which requires that the bill shall aver that the complainant has not cohabited with the defendant since the discovery of the adultery, but where it appears upon the face of the bill, that cohabitation between the parties continued long after the adultery is proved to have been committed, there should be an express denial on the part of the complainant of voluntary cohabitation since the discovery of defendant's infidelity, or such facts and circumstances should be shown as to preclude a condonation of the offence."

There was no express denial of condonation in the pleadings in the *Stevens Case,* and as the master's report was silent on the subject, the chancellor permitted complainant to make further proof to rebut the defendant's evidence of condonation, but did not require her to amend her bill by an averment denying condonation.

In *Graham* v. *Graham, supra,* the court, in commenting on the *Stevens Case* said, the difficulty in that case was "not that she did not make out a case, but that she went further and suggested facts which presumed a defence and then did not rebut it." This comment is directed to the evidence in the case and not to the allegations of the bill.

Upon demurrer the facts in the petition are taken as true, and while they show a possibility of the defence of condonation, they do not go so far as to suggest its probability, at least to the extent of requiring from petitioner an averment that he has not condoned the offences of which he now complains.

The allegations of the petition are wholly consistent with the assumption that petitioner cohabited with defendant until after the child was born in total ignorance of her misconduct, and it was not necessary for him to allege the absence of condonation in anticipation of such defence being interposed to his suit.

The demurrer is overruled, with costs.